**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC, | ) | Case No. 26-90737 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-5543506 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| 8201 ASSOCIATES, LLC, | ) | Case No. 26-90721 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 52-1978513 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| K&L BEVERAGE COMPANY, LLC, | ) | Case No. 26-90723 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 91-1953326 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| REPUBLIC NATIONAL DISTRIBUTING COMPANY OF NORTH DAKOTA, INC., | ) | Case No. 26-90726 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-0259881 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC,[1] | ) | Case No. 26-90728 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-8742924 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| REPUBLIC NATIONAL DISTRIBUTING COMPANY MICHIGAN HOLDINGS, LLC, | ) | Case No. 26-90725 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| RNDC ALASKA, LLC, | ) | Case No. 26-90730 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-2296120 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| RNDC ARKANSAS, LLC, | ) | Case No. 26-90733 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 92-2460840 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| RNDC INDIANA HOLDINGS, LLC, | ) | Case No. 26-90734 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |

---

[1] This entity has the same name as the lead debtor. For the avoidance of doubt, the lead debtor is incorporated in Delaware, and this entity is incorporated in Nebraska.

2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RNDC NEW HAMPSHIRE, LLC, | ) | Case No. 26-90722 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 92-0784586 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| RNDC RECEIVABLES, LLC, | ) | Case No. 26-90724 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-1853394 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| RNDC SHARED SERVICES, LLC, | ) | Case No. 26-90727 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-3163652 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| RNDC TEXAS, LLC, | ) | Case No. 26-90720 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-5770986 | ) | |
| | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| WSJV HOLDINGS, INC., | ) | |
| | ) | Case No. 26-90729 (CML) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 93-4165011 | ) | |

3

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YOUNG'S MARKET COMPANY OF ARIZONA, LLC, | ) | Case No. 26-90731 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-2501820 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| YOUNG'S MARKET COMPANY OF OREGON, LLC, | ) | Case No. 26-90732 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-0048528 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| YOUNG'S MARKET COMPANY OF WASHINGTON, LLC, | ) | Case No. 26-90735 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 93-1331321 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| YOUNG'S MARKET COMPANY, LLC, | ) | Case No. 26-90736 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 33-0780329 | ) | |

4

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY
OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF
THE DEBTORS' CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

---

**Emergency relief has been requested.  Relief is requested not later than 2:00 p.m. (prevailing Central Time) on July 27, 2026.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on July 27, 2026, at 2:00 p.m. (prevailing Central Time) in Courtroom 402, 4th floor, 515 Rusk Street, Houston, Texas 77002.  Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility.  You may access the facility at (832) 917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Lopez's conference room number is 590153.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Lopez's homepage.  The meeting code is "JudgeLopez".  Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's homepage.  Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state the following in support of this motion (this "<u>Motion</u>"):[2]

## <u>Relief Requested</u>

1.      The Debtors seek entry of an order, substantially in the form attached hereto (the "<u>Order</u>"): (a) directing the procedural consolidation and joint administration of these chapter 11 cases and (b) granting related relief.  Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") maintain one file and one docket for all of the jointly-administered cases under the case of Republic National Distributing

---

[2]     A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of John R. Castellano, Chief Restructuring Officer of Republic National Distributing Company, LLC and its Debtor Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed contemporaneously herewith and incorporated by reference herein.  Capitalized terms used but not immediately defined in this Motion shall have the meanings ascribed to such terms in the First Day Declaration or later in this Motion, as applicable.

5

Company, LLC, Case No. 26-90737 (CML), and that the cases be administered under one

consolidated caption as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REPUBLIC NATIONAL DISTRIBUTING | ) | Case No. 26-90737 (CML) |
| COMPANY, LLC, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/RNDC.  The location of Debtor Republic National Distributing Company, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 4300 Wildwood Parkway, Suite 200, Atlanta, GA 30339.

2.      The Debtors further request that the Court find that the foregoing caption satisfies

the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C.

§§ 101-1532 (the "Bankruptcy Code").

3.      The Debtors also request that a docket entry, substantially similar to the following,

be entered on the docket of each of the Debtors, other than Republic National Distributing

Company, LLC, to reflect the procedural consolidation and joint administration of these chapter

11 cases:

> An order has been entered in accordance with rule 1015(b) of the
> Federal Rules of Bankruptcy Procedure and rule 1015-1 of the
> Bankruptcy Local Rules for the Southern District of Texas directing
> joint administration of the chapter 11 cases of:  Republic National
> Distributing Company, LLC, Case No. 26-90737 (CML); 8201
> Associates, LLC, Case No. 26-90721 (CML); K&L Beverage
> Company, LLC, Case No. 26-90723 (CML); Republic National
> Distributing Company of North Dakota, Inc., Case No. 26-90726
> (CML); Republic National Distributing Company, LLC, Case No.
> 26-90728 (CML); Republic National Distributing Company
> Michigan Holdings, LLC, Case No. 26-90725 (CML); RNDC

6

Alaska, LLC, Case No. 26-90730 (CML); RNDC Arkansas, LLC, Case No. 26-90733 (CML); RNDC Indiana Holdings, LLC, Case No. 26-90734 (CML); RNDC New Hampshire, LLC, Case No. 26-90722 (CML); RNDC Receivables, LLC, Case No. 26-90724 (CML); RNDC Shared Services, LLC, Case No. 26-90727 (CML); RNDC Texas, LLC, Case No. 26-90720 (CML) WSJV Holdings, Inc., Case No. 26-90729 (CML); Young's Market Company of Arizona, LLC, Case No. 26-90731 (CML); Young's Market Company of Oregon, LLC, Case No. 26-90732 (CML); Young's Market Company of Washington, LLC, Case No. 26-90735 (CML); Young's Market Company, LLC, Case No. 26-90736 (CML). **All further pleadings and other papers shall be filed, and all further docket entries shall be made, in Case No. 26-90737 (CML).**

### Jurisdiction and Venue

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the Court's entry of a final order in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The bases for the relief requested herein are sections 105(a) and 342(c) of the Bankruptcy Code, rules 1005, 1015(b), and 2002(o) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 1015-1, 1075-1, and 9013-1(i) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Case Procedures").

### Background

7.      Republic National Distributing Company, LLC (together with its Debtor and non-Debtor affiliates, the "Company") was, at its height, the nation's second largest alcoholic

7

beverage distributor, operating across 40 states and specializing in wine and spirits distribution. Built on the strong foundation of three family-owned businesses, the Company historically enjoyed deep-seated relationships with over 2,000 suppliers and 170,000 customers across its expansive nationwide distribution network.  With headquarters in Atlanta, Georgia, the Debtors currently operates across 21 states and employ a workforce of approximately 1,460 employees.

8.      On July 26, 2026 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**Basis for Relief**

9.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[t]he court may order joint administration of the estates . . . in two or more cases pending in the court if they are brought by or against . . . a debtor and an affiliate."  Fed. R. Bankr. P. 1015.  The Debtor entities that commenced these chapter 11 cases are "affiliate[s]," as such term is defined in section 101(2) of the Bankruptcy Code, of RNDC Texas, LLC, the first entity to file a petition in these chapter 11 cases.  RNDC Texas, LLC is a limited liability company that was formed in Texas in 2006, continues to be organized under the laws of the state of Texas, and has maintained a registered office in Texas since its formation.  Accordingly, venue is proper in the Southern District of Texas as RNDC Texas, LLC is domiciled in the state of Texas.  *See In re ERG Intermediate Holdings, LLC*, 2015 WL 6521607, at *4 (Bankr. N.D. Tex. Oct. 27, 2015) (finding that venue was proper in any district in the state of Texas given that the debtor was a limited liability company that was organized in the state of Texas).  The Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules authorize the Court to grant the relief requested herein.  Bankruptcy Local Rule 1015-

8

1 also provides additional authority for the Court to order joint administration of these chapter 11 cases. *See* Bankruptcy Local Rule 1015-1 (stating the procedure for filing motions and proposed orders for joint administration). The Debtors have filed this Motion in compliance with the Bankruptcy Local Rules.

10. Joint administration of these chapter 11 cases for procedural purposes only is appropriate in the Debtors' cases. Given the integrated nature of the Debtors' operations, joint administration will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. Entry of the Order directing joint administration and procedural consolidation of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration and procedural consolidation of these chapter 11 cases will also allow the United States Trustee for the Southern District of Texas (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

11. Bankruptcy Rule 2002(o) requires that the caption of any notices given under Bankruptcy Rule 2002 must conform to Bankruptcy Rule 1005. Fed. R. Bankr. P. 2002(o). Bankruptcy Rule 1005, in turn, requires that the caption must include the name of the debtor, the debtor's tax identification number, and any other names used by the debtor in the previous eight years. Fed. R. Bankr. P. 1005(a). All pleadings to be filed by the Debtors in these cases and all notices mailed by the Debtors will include a footnote notifying parties in interest of the service address of the Debtors' headquarters and that a list of each of the Debtors and the last four digits of their tax identification numbers are publicly available on a website (the "Debtors' Restructuring Website") maintained by Omni Agent Solutions, Inc., the Debtors' proposed claims and noticing

9

agent.  Moreover, the full tax identification numbers, if applicable, and any other names used by the Debtors in the past eight years will be listed in the petitions for each Debtor, and such petitions are publicly available to all parties in interest, including on the Debtors' Restructuring Website. Accordingly, the requirements of Bankruptcy Rule 2002(o) have been satisfied.

12.     To the extent not satisfied or deemed satisfied, waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code and/or Bankruptcy Rule 2002(o) is warranted. Including the Debtors' full tax identification numbers and other identifying information on each notice and pleading would be unduly cumbersome, and may be confusing to parties in interest. More importantly, waiver of such requirements is purely procedural in nature and will not affect the rights of parties in interest, especially given that the Debtors propose to include in each pleading that they file, and notice that they mail, a footnote stating the address of their principal place of business and indicating that a list of each of the Debtors and the last four digits of each of their tax identification numbers are publicly available on the Debtors' Restructuring Website.

13.     Bankruptcy Local Rule 1015-1 also provides additional authority for the Court to order joint administration of these chapter 11 cases and details the information a debtor must include in its request for joint administration.  *See* Bankruptcy Local Rule 1015-1 (stating the procedure for filing motions and proposed orders for joint administration).  Further, Bankruptcy Local Rule 1015-1 details the information a debtor must include in its request for joint administration.  A motion and proposed order for joint administration must "itemize the requested relief," "be in the form published on the court's website," and "be made to the judge with the lowest case number."  This Motion and the Order satisfy these requirements, and the Debtors have filed this Motion in compliance with the Bankruptcy Local Rules.  However, to the extent that this

10

Motion or the Order are deemed not to comply with such Bankruptcy Local Rule, the Debtors request a limited waiver thereof.

14.     Joint administration and procedural consolidation of these chapter 11 cases will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested herein but, instead, will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  The joint administration and procedural consolidation of these chapter 11 cases is therefore in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

### Emergency Consideration

15.     In accordance with Bankruptcy Local Rule 9013-1 and section G of the Complex Case Procedures, the Debtors request emergency consideration of this Motion.  This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date.  The relief will save costs and avoid undue administrative burden and confusion only if granted immediately.  The Debtors, therefore, request that the Court approve the relief requested in this Motion on an emergency basis.

### Notice

16.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Bank Lenders; (d) the Bank Agent; (e) the Second Lien Lender; (f) the Equipment Loan Lenders; (g) holders of the Owner Notes; (h) the office of the attorney general for each of the states in which the Debtors operate; (i) the Internal Revenue Service; (j) any other governmental agencies having a regulatory or statutory interest in these

chapter 11 cases; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated: July 26, 2026

/s/ *John F. Higgins*

| | |
|---|---|
| **PORTER HEDGES LLP** | **KIRKLAND & ELLIS LLP** |
| John F. Higgins (TX Bar No. 09597500) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| M. Shane Johnson (TX Bar No. 24083263) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Megan Young-John (TX Bar No. 24088700) | Christopher Marcus, P.C. (*pro hac vice* pending) |
| Joanna D. Caytas (TX Bar No. 24127230) | Maddison Levine (*pro hac vice* pending) |
| 1000 Main St., 36th Floor | 601 Lexington Avenue |
| Houston, Texas 77002 | New York, New York 10022 |

PORTER HEDGES LLP
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Joanna D. Caytas (TX Bar No. 24127230)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone:     (713) 226-6000
Facsimile:     (713) 228-1331
Email:          jhiggins@porterhedges.com
                sjohnson@porterhedges.com
                myoung-john@porterhedges.com
                jcaytas@porterhedges.com

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christopher Marcus, P.C. (*pro hac vice* pending)
Maddison Levine (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                cmarcus@kirkland.com
                maddison.levine@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

## Certificate of Accuracy

In accordance with Bankruptcy Local Rule 9013-1(i), I certify that the foregoing statements are true and accurate to the best of my knowledge.

/s/ *John R. Castellano*
John R. Castellano

## Certificate of Service

I certify that on July 26, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.  Additionally, the foregoing document will be served as set forth in a forthcoming affidavit filed by the Debtors' proposed claims and noticing agent.

/s/ *John F. Higgins*
John F. Higgins