**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC, *et al.*,[1] | ) ) ) | Case No. 26-90737 (CML) |
|  | ) |  |
| Debtors. | ) ) | (Joint Administration Requested) (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY *EX PARTE* APPLICATION FOR ENTRY OF AN
ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF OMNI
AGENT SOLUTIONS, INC. AS CLAIMS, NOTICING, AND SOLICITATION AGENT**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

the following in support of this application (this "Application"):[2]

**Relief Requested**

1.     The Debtors seek entry of an order, substantially in the form attached hereto

(the "Order"), authorizing the Debtors to employ Omni Agent Solutions, Inc. ("Omni") as claims,

noticing, and solicitation agent (in such capacity, the "Claims and Noticing Agent") in accordance

with the terms and conditions set forth in the engagement letter, dated June 17, 2026

(the "Engagement Letter"), attached hereto as **Exhibit A**.  This Application is supported by the

*Declaration of Paul H. Deutch in Support of the Debtors' Emergency* Ex Parte *Application for*

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/RNDC.  The location of Debtor Republic National Distributing Company, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 4300 Wildwood Parkway, Suite 200, Atlanta, GA 30339.

[2]     A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of John R. Castellano, Chief Restructuring Officer of Republic National Distributing Company, LLC and its Debtor Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein.  Capitalized terms used but not immediately defined in this Application shall have the meanings ascribed to such terms in the First Day Declaration or later in this Application, as applicable.

*Entry of an Order Authorizing the Employment and Retention of Omni Agent Solutions, Inc. as Claims, Noticing, and Solicitation Agent*, attached hereto as **Exhibit B** (the "Deutch Declaration").

2.　　　Emergency consideration of this Application is requested to effectuate the Debtors' transition into bankruptcy and to immediately begin providing effective notice of pleadings and orders to interested parties.

### Jurisdiction and Venue

3.　　　The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent to the Court's entry of a final order in connection with this Application to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.　　　Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Request to Employ Omni

5.　　　The Debtors request approval to employ Omni to serve as Claims and Noticing Agent in their chapter 11 cases to provide the services outlined in the Engagement Letter (collectively, the "Services").  The Debtors believe that Omni's employment is in the best interest of the estates.

6.　　　Omni's rates are competitive and reasonable.  Omni has the expertise required in complex chapter 11 cases.

7.　　　The Debtors request that the Court authorize Omni's employment.

## Compensation

8.      The Debtors request that Omni's fees and expenses be paid as an administrative expense in the ordinary course of the Debtors' businesses without further application or order of the Court.  Should a dispute develop, the matter will be brought to the Court for resolution.  Omni agrees to maintain records of all Services showing dates, categories of Services, fees charged, and expenses incurred.

9.      Omni will provide a monthly invoice to the Debtors, the Debtors' counsel, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), counsel for any official committee appointed in these chapter 11 cases, and any party in interest who specifically requests service of the monthly invoices.

10.      Prior to the Petition Date, the Debtors provided Omni advances in the aggregate amount of $100,000.  Omni will apply these funds in accordance with the Engagement Letter.

## Indemnification

11.      The Debtors have agreed to indemnify Omni as set forth in the Engagement Letter. Notwithstanding anything to the contrary, Omni will not be indemnified for liability arising out of actual fraud, gross negligence, willful misconduct, and certain other matters identified in the proposed Order.

## Disinterestedness

12.      Omni has reviewed its conflicts system to determine whether it has any relationships with the Debtors' creditors and parties in interest.  Except as may be disclosed in the Deutch Declaration, Omni represents that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.  To the best of the Debtors' knowledge, Omni is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code"), as modified by

3

section 1107(b) of the Bankruptcy Code.  Omni agrees that it will supplement its disclosure to the

Court if any facts or circumstances are discovered that would require such additional disclosure.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated: July 27, 2026

*/s/ John F. Higgins*

**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Joanna D. Caytas (TX Bar No. 24127230)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone:      (713) 226-6000
Facsimile:      (713) 228-1331
Email:          jhiggins@porterhedges.com
                sjohnson@porterhedges.com
                myoung-john@porterhedges.com
                jcaytas@porterhedges.com

*Proposed Co-Counsel for the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christopher Marcus, P.C. (*pro hac vice* pending)
Maddison Levine (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                cmarcus@kirkland.com
                maddison.levine@kirkland.com

*Proposed Co-Counsel for the Debtors
and Debtors in Possession*

## Certificate of Accuracy

In accordance with Bankruptcy Local Rule 9013-1(i), I certify that the foregoing statements are true and accurate to the best of my knowledge.

*/s/ John R. Castellano*
John R. Castellano

## Certificate of Service

I certify that on July 27, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.   Additionally, the foregoing document will be served as set forth in a forthcoming affidavit filed by the Debtors' proposed claims agent.

*/s/ John F. Higgins*
John F. Higgins