**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC, *et al.*,[1] | ) ) ) ) | Case No. 26-90737 (CML) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**INTERIM ORDER**
**(I) AUTHORIZING THE DEBTORS TO**
**(A) PAY CERTAIN PREPETITION CLAIMS OF CRITICAL**
**VENDORS, 503(B)(9) CLAIMANTS, LIEN CLAIMANTS, AND**
**FOREIGN VENDORS AND (B) HONOR THEIR OBLIGATIONS**
**UNDER THE SUPPLIER AGREEMENTS AND ENFORCE THE**
**PROVISIONS OF THE SUPPLIER AGREEMENTS IN THE ORDINARY**
**COURSE OF BUSINESS, (II) CONFIRMING ADMINISTRATIVE EXPENSE**
**PRIORITY OF OUTSTANDING ORDERS, AND (III) GRANTING RELATED RELIEF**

[Relates to Docket No. [__]]

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors

in possession (collectively, the "Debtors") for entry of an interim order (this "Interim

Order"): (a) authorizing the Debtors to (i) pay, in the ordinary course of business, certain

prepetition amounts owing on account of (1) Critical Vendor Claims, (2) 503(b)(9) Claims,

(3) Lien Claims, and (4) Foreign Vendor Claims and (ii) honor their obligations under the Supplier

Agreements and enforce the provisions of the Supplier Agreements in the ordinary course of

business; (b) confirming the administrative expense priority status of Outstanding Orders and

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/RNDC.  The location of Debtor Republic National Distributing Company, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 4300 Wildwood Parkway, Suite 200, Atlanta, GA 30339.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

authorizing the payment of such obligations in the ordinary course of business; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter this Interim Order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2026, at__:__ _.m., prevailing Central Time.  Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by (a) proposed counsel to the Debtors: (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.:  Joshua A. Sussberg,       P.C.       (joshua.sussberg@kirkland.com),       Christopher       Marcus,       P.C.

(cmarcus@kirkland.com), Maddison Levine (maddison.levine@kirkland.com), and Jennifer Callahan (jennifer.davis@kirkland.com) and (ii) Porter Hedges LLP, 1000 Main Street, Floor 36, Houston, Texas 77002, Attn.: John F. Higgins (jhiggins@porterhedges.com), M. Shane Johnson (sjohnson@porterhedges.com), and Megan Young-John (myoung-john@porterhedges.com); (b) the Office of the United States Trustee for the Southern District of Texas, Attn.: Jana S. Whitworth (jana.whitworth@usdoj.gov) and C. Ross Travis (C.Ross.Travis@usdoj.gov); (c) if any statutory committee has been appointed in these chapter 11 cases, counsel to such committee, on or before _____, 2026, at ___:___ _.m., prevailing Central Time. If no objections are filed to the Motion, this Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3. Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

4. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to honor, pay all or part of, and otherwise satisfy and discharge, on a case-by-case basis and consistent with their prepetition practices: (a) the Critical Vendor Claims; (b) the 503(b)(9) Claims; (c) the Lien Claims; and (d) the Foreign Vendor Claims (collectively, "Trade Claims"), each on an interim basis and in the amounts designated in the Motion, as they come due in the ordinary course of business, without further order of this Court; *provided*, however that payments of Trade Claims pursuant to this Interim Order shall not in the aggregate exceed $29.64 million. In the event the Debtors believe that a particular payment to a Trade Claimant will cause them to exceed this amount during the interim period, the Debtors shall file a notice with the Court describing the category and overage amount prior to making any further

payments.  If no objections are filed with the Court and served on the Debtors within five business days, such overage shall be authorized to be paid.

5.        All undisputed obligations related to the Outstanding Orders are granted administrative expense priority status in accordance with section 503(b)(1)(A) of the Bankruptcy Code.  The Debtors are authorized to pay all undisputed amounts related to the Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

6.        Prior to entry of a Final Order, the Debtors shall not pay any obligations under this Interim Order unless they are due or are deemed necessary to be paid in the Debtors' business judgment to ensure the ongoing provision of goods or services or otherwise to avoid an adverse effect on the Debtors' operations.

7.        The Debtors will ensure that the payments made pursuant to this Interim Order are reflected on their books and records such that they are identifiable as payments made on account of prepetition claims.

8.        The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Interim Order, including the following information:  (a) the names of the payee; (b) the amounts of the payment; (c) the category or type of payment, as further described and classified in the Motion; (d) the Debtor or Debtors that made the payment; and (e) the payment date.  On the last business day of each month (beginning in August 2026) and ending upon entry of an order confirming a plan or dismissing or converting the Chapter 11 Cases, the Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and counsel for any statutory committee appointed in the Chapter 11 Cases covering all such payments made pursuant to this Order during the prior month.

9. As a condition to receiving payment on account of a Trade Claim under this Interim Order, any Trade Claimant that accepts payment pursuant to the authority granted in this Interim Order shall agree to: (a) continue—or recommence—supplying goods and/or services to the Debtors in accordance with Customary Trade Terms; and (b) not cancel any contract, agreement, or arrangement pursuant to which the Trade Claimant provides such goods and/or services to the Debtors during the course of these chapter 11 cases. The Debtors may require, in their sole discretion, that the Customary Trade Terms be commemorated in writing, including by e-mail or through a trade agreement, as a condition to payment. The Debtors reserve the right to require additional favorable trade terms with any Trade Claimant as a condition to payment of any Trade Claim.

10. The form of Trade Agreement, substantially in the form attached to this Interim Order as **Exhibit A**, is approved in its entirety, and the Debtors are authorized to negotiate, modify, or amend the Trade Agreement in their reasonable business judgment.

11. If any party accepts payment hereunder for a prepetition obligation of the Debtors, and the party thereafter fails to comply with Customary Trade Terms or other such terms as agreed to by the Debtors, then: (a) any payment on account of a prepetition claim received by such party shall be deemed, in the Debtors' sole discretion, an improper postpetition transfer and, therefore, immediately recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay in cash to the Debtors, and without the right to offset, such amounts that

5

exceed the postpetition obligations then outstanding; (d) the Debtors may petition this Court to require certain vendors to comply with the applicable contract; and (e) the Debtors may pursue any other remedy available to them under this Interim Order, applicable law, or any executed writing with such party.

12.     Notwithstanding anything to the contrary herein, prior to making any payment pursuant to this Interim Order to a Trade Claimant on account of an Outstanding Order, the Debtors shall provide a copy of this Interim Order to the applicable party (unless previously provided to such Trade Claimant).  Any party that accepts payment from the Debtors on account of all or a portion of such party's Trade Claim pursuant to this Interim Order shall be deemed to have (a) agreed to the terms and provisions of this Interim Order, (b) waived, to the extent so paid, claims of any type, kind, or priority (including reclamation claims), against the Debtors and their respective assets and properties, and (c) voluntarily submitted themselves to the jurisdiction of this Court.

13.     The Debtors are authorized, in their discretion, to continue to perform their non-monetary obligations under the Supplier Agreements, including, but not limited to, facilitating the repurchase of inventory, in the ordinary course of business consistent with past practice.

14.     Pursuant to sections 362 and 365 of the Bankruptcy Code, notwithstanding a provision in a Supplier Agreement or any applicable law, all persons, entities, and/or counterparties are hereby stayed, restrained, and enjoined from terminating or modifying any and all Supplier Agreements to which the Debtors are party or signatory, at any time after the commencement of these chapter 11 cases, solely because of a provision in such Supplier Agreement that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of these chapter 11 cases or (b) commencement of these chapter 11 cases.

15. All suppliers are required to continue to perform under the applicable Supplier Agreements and honor all obligations in connection therewith, and the Debtors are permitted to enforce the terms of the Supplier Agreements against the applicable suppliers.

16. For the avoidance of doubt, this Interim Order does not authorize payments to Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) of the Debtors, employees, or "professional persons" (as that phrase appears in section 327(a) of the Bankruptcy Code) of the Debtors. Nothing herein shall impair or prejudice the rights of the U.S. Trustee or any other party in interest to object to and seek the return of any payment made pursuant to this Interim Order to an Insider of the Debtors, and all rights of the Debtors and the relevant Insider are reserved to respond to any such objection. To the extent the Debtors intend to make a payment to an insider or an affiliate of an insider of the Debtors, the Debtors shall, to the extent reasonably practicable, provide three (3) business days' advance notice to, and opportunity to object by the U.S. Trustee and any statutory committee appointed in these chapter 11 cases; provided, that if any party objects to the payment, the Debtors shall not make such payment without further order of this Court.

17. Nothing in the Motion or this Interim Order, nor the Debtors' implementation of the relief granted in this Interim Order, shall be deemed to modify or waive any of the Debtors' rights with respect to goods and services requested or received from the Critical Vendors, including the Debtors' rights to: (a) cancel a purchase order; (b) decline the acceptance of goods and/or services; (c) return any defective, nonconforming, or unacceptable goods; or (d) contest the amount of any invoice or claim on any grounds.

18. Nothing contained in the Motion or any actions taken pursuant to this Interim Order granting the relief requested in the Motion is intended as or should be construed or deemed to be:

(a) an implication or admission as to the amount of, basis for, priority, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or otherwise affect the Debtors' rights under section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien (that arises under contractual rights, common law, statutory law, or otherwise) on, security interest in, or other encumbrance on property of the Debtors' estates, including any lien that may be satisfied pursuant to the relief requested in this Motion, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; or (h) a waiver of the obligation of any party in interest to file a proof of claim.  Nothing contained in this Interim Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim on account of such claim not being paid.

19.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

20. The banks and financial institutions on which checks were drawn or electronic funds transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

21. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

22. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003.

23. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Bankruptcy Local Rules, and the Complex Case Procedures are satisfied by such notice.

24. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

25. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order.

26. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Houston, Texas
Dated: _____, 2026

HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**Form Trade Agreement**

**THIS TRADE AGREEMENT IS NOT A SOLICITATION OF ACCEPTANCE OR REJECTION OF A CHAPTER 11 PLAN. ACCEPTANCE OR REJECTION OF A CHAPTER 11 PLAN MAY NOT BE SOLICITED UNTIL A DISCLOSURE STATEMENT HAS BEEN APPROVED BY THE COURT FOR ANY SUCH CHAPTER 11 PLAN. THE INFORMATION IN THIS TRADE AGREEMENT IS SUBJECT TO CHANGE. THIS TRADE AGREEMENT IS NOT AN OFFER TO SELL ANY SECURITIES AND IS NOT SOLICITING AN OFFER TO BUY ANY SECURITIES.**

## TRADE AGREEMENT

Republic National Distributing Company, LLC and its debtor subsidiaries (collectively, the "Debtors"), on the one hand, and the [supplier / vendor] identified in the signature block below (the "Supplier"), on the other hand, hereby enter into the following trade agreement (this "Trade Agreement") dated as of the latest date in the signature blocks below.

### Recitals

WHEREAS on [●], 2026 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

WHEREAS on [●], 2026, the Court entered the *Interim Order (I) Authorizing the Debtors to (A) Pay Certain Prepetition Claims of Critical Vendors, 503(b)(9) Claimants, Lien Claimants, and Foreign Vendors and (B) Honor Their Obligations Under the Supplier Agreements and Enforce the Provisions of the Supplier Agreements in the Ordinary Course of Business, (II) Confirming Administrative Expense Priority of Outstanding Orders, and (III) Granting Related Relief* [Docket No. [●]] (the "Critical Vendor Order") authorizing the Debtors, on an interim basis, under certain conditions, to pay the prepetition claims of certain suppliers, including the Supplier, subject to the terms and conditions set forth therein.[1]

WHEREAS prior to the Petition Date, the Supplier delivered goods to the Debtors and/or performed services for the Debtors, and the Debtors paid the Supplier for such goods and/or services, according to Customary Trade Terms (as defined herein).

WHEREAS the Debtors and the Supplier (each a "Party," and collectively, the "Parties") agree to the following terms as a condition of payment on account of certain prepetition claims the Supplier may hold against the Debtors.

### Agreement

1.      Recitals.  The foregoing recitals are incorporated herein by reference as if set forth at length herein.

2.      Supplier Payment.  The Supplier represents and agrees that, after due investigation, the sum of all amounts currently due and owing by the Debtors to the Supplier as of the Petition Date is $[●] (the "Agreed Supplier Claim").  Within 10 business days following execution of this

---

[1]     Capitalized terms used but not defined herein shall have the meanings set forth in the Critical Vendor Order.

Trade Agreement, the Debtors shall pay the Supplier $[●] on account of, and in full and final satisfaction of, its Agreed Supplier Claim (the "Supplier Payment") (without interest, penalties, or other charges).  For the avoidance of doubt, any amounts that become due and owing by the Debtors to the Supplier for goods or services provided after the Petition Date shall continue to be due and owing and shall be paid in the ordinary course pursuant to the Parties' agreed-upon payment terms.

3.      Agreement to Supply.

a.      The Supplier shall supply goods to and/or perform services for the Debtors, and the Debtors shall accept and pay for goods and/or services, as applicable, from the Supplier (to the extent the Debtors seek such goods and/or services), for the duration of the Debtors' chapter 11 cases based on the following terms (collectively, the "Customary Trade Terms"):  those trade terms at least as favorable to the Debtors as those practices and programs (including credit limits, pricing and price supports, cash discounts, the number of days for timing of payments and payment terms, allowances, as may be incorporated or contemplated by any agreements between the Parties or based on historic practice, as applicable, product mix, availability, and other programs) in place in the twelve months prior to the Petition Date, or are otherwise acceptable to the Debtors in light of customary industry practices, except for any partial payments or other payments (or assurances) the Debtors made with respect to any unfinished product.  "Duration of the Debtors' chapter 11 cases" means until the earlier of:  (i) the effective date of a chapter 11 plan in the Debtors' chapter 11 cases; (ii) the closing of a sale of all or substantially all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code, resulting in a cessation of the Debtors' business operations; or (iii) the liquidation of the Debtors or conversion of the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

b.      The Customary Trade Terms may not be modified, adjusted, or reduced in a manner adverse to the Debtors except as agreed to in a signed writing by the Parties (email being sufficient).

c.      The Supplier shall continue to honor any existing allowances, credits, contractual obligations, or balances that were accrued as of the Petition Date and shall apply all such allowances, credits, or balances towards future orders in the ordinary course of business.

d.      The Supplier shall continue all shipments of goods in the ordinary course and shall fill orders for goods requested by the Debtors in the ordinary course of business pursuant to the Customary Trade Terms.

e.      The Supplier shall not be permitted to terminate or cancel any contract, agreement, or arrangement pursuant to which they provide services to the Debtors for the duration of the Debtors' chapter 11 cases.

f. In the event this Trade Agreement is terminated, such termination will not affect the obligation of the Supplier to make delivery on orders consistent with the Debtors' prior orders and sales accepted by the Supplier prior to the effective date of termination, subject to the provisions contained herein. If this Trade Agreement terminates, the Debtors may require the Supplier to repurchase all unsold goods in the Debtors' inventory, at the Debtors' laid-in cost, with shipping to the Supplier's plant to be paid by the Supplier. The Supplier will pay the Debtors for repurchased inventory seven (7) business days after receipt. Alternatively, the Supplier may designate a party to purchase the Debtors' merchantable inventory of goods at the Debtors' laid-in cost.

4. Other Matters.

a. The Supplier agrees that it shall not require a lump-sum payment upon the effective date of a plan in the Debtors' chapter 11 cases on account of any outstanding administrative claims the Supplier may assert arising from the delivery of postpetition goods or services, to the extent that payment of such claims is not yet due. The Supplier agrees that such claims will be paid in the ordinary course of business after confirmation of a plan pursuant to the Customary Trade Terms then in effect.

b. The Supplier will not separately seek payment from the Debtors on account of any prepetition claim (including, without limitation, any reclamation claim or any claim pursuant to section 503(b)(9) of the Bankruptcy Code) outside the terms of this Trade Agreement or a chapter 11 plan confirmed in the Debtors' chapter 11 cases.

c. The Supplier will not file or otherwise assert against the Debtors, its assets, or any other person or entity or any of their respective assets or property (real or personal) any lien, regardless of the statute or other legal authority upon which the lien is asserted, related in any way to any remaining prepetition amounts allegedly owed to the Supplier by the Debtors arising from prepetition agreements or transactions. Furthermore, if the Supplier has taken steps to file or assert such a lien prior to entering into this Trade Agreement, the Supplier will promptly take all necessary actions to remove such liens and hereby authorizes the Debtors to take any such actions on its behalf.

5. Breach.

a. In the event that the Supplier fails to satisfy its undisputed obligations arising under this Trade Agreement (a "Supplier Breach"), upon written notice to the Supplier (email being sufficient), the Supplier shall promptly pay to the Debtors immediately available funds in an amount equal to, at the election of the Debtors, the Supplier Payment or any portion of the

4

Supplier Payment which cannot be recovered by the Debtors from the postpetition receivables then owing to the Supplier from the Debtors.

b.      In the event that the Debtors recover the Supplier Payment pursuant to Section 5(a) hereof or otherwise, the Agreed Supplier Claim shall be reinstated as if the Supplier Payment had not been made.

c.      The Supplier agrees and acknowledges that irreparable damage would occur in the event of a Supplier Breach and remedies at law would not be adequate to compensate the Debtors.  Accordingly, the Supplier agrees that, in the event of a Supplier Breach, the Debtors shall have the right, in addition to any other rights and remedies existing in its favor, to seek an injunction or injunctions by ordinary motion to the Court (without, for the avoidance of doubt, any requirement that the Debtors commence an adversary proceeding pursuant to Bankruptcy Rule 7003), to prevent breaches of the provisions of this Trade Agreement and to enforce its rights and obligations hereunder, not only by an action or actions for damages, but also by an action or actions for specific performance, injunctive relief, and/or other equitable relief.  The right to equitable relief, including specific performance or injunctive relief, in the event of a Supplier Breach, shall exist notwithstanding, and shall not be limited by, any other provision of this Trade Agreement.  The Supplier hereby waives any defense that a remedy at law is adequate and any requirement to post bond or other security in connection with actions instituted for specific performance, injunctive relief, or other equitable remedies.

6.      Notice.

If to the Supplier, then to the person and address identified in the signature block hereto.

If to the Debtors:

Republic National Distributing Company, LLC
4300 Wildwood Parkway, Suite 200
Atlanta, Georgia 30339
Attn:  H. Alan Rosenberg
E-mail:  alan.rosenberg@rndc-usa.com

with a copy to:

Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York, 10022
Attn:   Maddison Levine, Joshua Raphael and Jennifer Callahan
E-mail:  maddison.levine@kirkland.com
          joshua.raphael@kirkland.com

5

jennifer.davis@kirkland.com

7.      Representations and Acknowledgements.  The Parties agree, acknowledge, and represent that:

a.      the Parties have reviewed the terms and provisions of the Critical Vendor Order and this Trade Agreement and consent to be bound by such terms and that this Trade Agreement is expressly subject to the procedures approved pursuant to the Critical Vendor Order;

b.      any payments made on account of the Agreed Supplier Claim shall be subject to the terms and conditions of the Critical Vendor Order;

c.      if the Supplier refuses to supply goods or services to the Debtors as provided herein or otherwise fails to perform any of its obligations hereunder, the Debtors may exercise all rights and remedies available under the Critical Vendor Order, the Bankruptcy Code, or applicable law; and

d.      in the event of disagreement between the Parties regarding whether a breach has occurred, either Party may apply to the Court for a determination of their relative rights, in which event no action may be taken by either Party, including, but not limited to, discontinuing shipment of goods or provision of services, as applicable, from the Supplier to the Debtors, until a ruling of the Court is obtained.

8.      Confidentiality.  In addition to any other obligations of confidentiality between the Supplier and Debtors, the Supplier agrees to hold in confidence and not disclose to any party: (a) this Trade Agreement; (b) any and all payments made by the Debtors pursuant to this Trade Agreement; (c) the terms of payment set forth herein; and (d) the Customary Trade Terms (collectively, the "Confidential Information"); *provided* that if any party seeks to compel the Supplier's disclosure of any or all of the Confidential Information, through judicial action or otherwise, or the Supplier intends to disclose any or all of the Confidential Information, the Supplier shall immediately provide the Debtors with prompt written notice so that the Debtors may seek an injunction, protective order, or any other available remedy to prevent such disclosure; *provided*, *further,* that if such remedy is not obtained, the Supplier shall furnish only such information as the Supplier is legally required to provide.

9.      Miscellaneous.

a.      The Parties hereby represent and warrant that:  (i) they have full authority to execute this Trade Agreement on behalf of the respective Parties; (ii) the respective Parties have full knowledge of, and have consented to, this Trade Agreement; and (iii) they are fully authorized to bind that Party to all of the terms and conditions of this Trade Agreement.

b.      This Trade Agreement sets forth the entire understanding of the Parties regarding the subject matter hereof and supersedes all prior oral or written agreements between them.  This Trade Agreement may not be changed,

modified, amended, or supplemented, except in a writing signed by both Parties. Moreover, Supplier agrees to vote all claims now or hereafter beneficially owned by Supplier in favor of, and not take any direct or indirect action to oppose or impede confirmation of, any chapter 11 plan proposed by the Debtors on a timely basis in accordance with the applicable procedures set forth in any related disclosure statement and accompanying solicitation materials, and timely return a duly-executed ballot to the Debtors in connection therewith as long as such chapter 11 plan provides for a treatment of any Agreed Supplier Claim that is materially consistent with this Trade Agreement.

c.       Signatures by facsimile or electronic signatures shall count as original signatures for all purposes.

d.       This Trade Agreement may be executed in counterparts, each of which shall be deemed to be an original but all of which shall constitute one and the same agreement.

e.       The Parties hereby submit to the exclusive jurisdiction of the Court to resolve any dispute with respect to or arising from this Trade Agreement, *provided* that, the Debtors shall have the right to enforce this Trade Agreement, including by seeking an injunction or injunctions to prevent breaches of the provisions of this Trade Agreement, in any jurisdiction.

f.       This Trade Agreement shall be deemed to have been drafted jointly by the Parties, and any uncertainty or omission shall not be construed as an attribution of drafting by any Party.

[*Signature Page Follows*]

7

AGREED AND ACCEPTED AS OF THE LATEST DATE SET FORTH BELOW:

**[DEBTOR ENTITY]**                              **[SUPPLIER / VENDOR]**


By:  [●]                                          By:  [●]
Title:  [●]                                       Title:  [●]
                                                  Address:  [●]
                                                           [●]
Date:  [●]                                        Date:  [●]